UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 10-0051-2 (PLF) Civil Action No. 19-1574 (PLF) |
| KENNETH BENBOW, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM OPINION AND ORDER

On August 26, 2021, Kenneth Benbow filed a Petition for a Certificate of Appealability ("COA Petition") [Dkt. No. 709]. Mr. Benbow seeks leave to appeal the Court's July 31, 2021 denial of his Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 [Dkt. No. 613] and his Supplemental Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255 [Dkt. No. 642-1] to the United States Court of Appeals for the District of Columbia Circuit. See United States v. Benbow, Criminal No. 10-0051-2, Civil Action No. 19-1574, 2021 WL 3268384 (D.D.C. July 30, 2021). For the reasons discussed below, the Court concludes that a certificate of appealability is not warranted and therefore declines to issue one.

In a proceeding brought under 28 U.S.C. § 2255, the applicant cannot take an appeal unless a circuit or a district judge first issues a certificate of appealability. See FED. R. APP. P. 22(b)(1). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A 'substantial showing' is a demonstration 'that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were

adequate to deserve encouragement to proceed further.'" Blount v. United States, 860 F.3d 732, 736 (D.C. Cir. 2017) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). To make such a showing "[w]here a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. at 484. On the other hand, "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

As pertinent here, on April 3, 2012, Mr. Benbow was convicted of, among other things, one count of murder in aid of racketeering of Van Johnson, in violation of the Violent Crimes in Aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959(a)(1); one count of attempted murder in aid of racketeering of Steven Robinson, in violation of the VICAR statute, 18 U.S.C. § 1959(a)(5); and two counts of using a firearm during those crimes of violence, in violation of 18 U.S.C. § 924(c)(1), for the shootings of Mr. Johnson and Mr. Robinson after they left a club in their car on September 23, 2008. See United States v. Benbow, 2021 WL 3268384, at *3-4. In his original and supplemental motions to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, Mr. Benbow raised multiple claims for relief, including ineffective assistance of trial counsel, ineffective assistance of appellate counsel, and the government's failure to abide by its obligations under Brady v. Maryland, 373 U.S. 83 (1963). See id. at *5. In denying Mr. Benbow's section 2255 motions, the Court determined,

among other things, that trial counsel did not render ineffective assistance by failing to argue insufficiency of the evidence or by failing to file a motion to sever or for a mistrial, that Mr. Benbow's ineffective assistance of appellate counsel claim was time-barred and meritless, and that Mr. Benbow's Brady claim was procedurally barred pursuant to the procedural default rule and similarly meritless. See id. at *7-11.

The Court addressed Mr. Benbow's ineffective assistance of trial counsel claims on the merits, and the Court concludes that no reasonable jurist would find the Court's evaluation of those claims to be debatable or wrong. See Slack v. McDaniel, 529 U.S. at 484.

Regarding Mr. Benbow's argument that trial counsel failed to make adequate arguments regarding insufficiency of the evidence, Mr. Benbow's trial counsel in fact argued both at trial and in a post-trial motion for judgment of acquittal that there was insufficient evidence to establish that Mr. Benbow was involved in co-defendant Mark Pray's enterprise to distribute cocaine, crack cocaine, and phencyclidine (i.e., PCP) to support convictions under the VICAR statute. See United States v. Benbow, 2021 WL 3268384, at *8-9. Mr. Benbow has not convincingly demonstrated how this argument meaningfully differs from, or does not encompass, the argument that Mr. Benbow suggests should have been argued by trial counsel: that Mr. Benbow was not involved in the conspiracy at the time of the September 23, 2008 shootings. The latter argument is merely a subset of the former, and reasonable jurists would not debate that Mr. Benbow cannot establish ineffective assistance of counsel simply by arguing that trial counsel should have presented their arguments differently. See United States v. Wilson, 15 F. Supp. 3d 126, 138-39 (D.D.C. 2014) (citing Strickland v. Washington, 466 U.S. 668, 690 (1984)).

Similarly, reasonable jurists would agree that Mr. Benbow's trial counsel did not render ineffective assistance of counsel by failing to file a motion to sever or for a mistrial because such motions would have been futile. As the Court noted, Mr. Benbow has not demonstrated any unfair prejudice stemming from being jointly tried with Mr. Pray and other co-defendants that would have justified severance or granting a mistrial. See United States v. Benbow, 2021 WL 3268384, at *7-8. In his COA Petition, Mr. Benbow argues that he was prejudiced because his counsel could not simultaneously argue that the testimony of one of the government's witnesses, Daryl Travers, was true in some respects yet false in others. See COA Petition at 17-18. But "it is precisely the jury's function to review the testimony of witnesses and determine what factual conclusions to draw from that testimony," United States ex rel. Landis v. Tailwind Sports Corp., Civil Action No. 10-0976, 2017 WL 5905509, at *15 (D.D.C. Nov. 28, 2017) (emphasis omitted), and Mr. Benbow's counsel was not precluded from arguing that Mr. Travers could be believed in only some respects. Indeed, trial counsel did just that, arguing that although Mr. Travers's testimony that Mr. Benbow was not involved in Mr. Pray's drug distribution operation could be trusted, his testimony about the September 23, 2008 shootings could not. See United States v. Benbow, 2021 WL 3268384, at *4.

Mr. Benbow's other two claims are procedurally barred, and the Court concludes that no reasonable jurist would doubt that the Court was correct in its procedural rulings. See Slack v. McDaniel, 529 U.S. at 484.

Mr. Benbow's claim of ineffective assistance of appellate counsel, raised for the first time in his supplemental motion to vacate his sentence, did not properly relate back to the original motion to vacate and therefore was time-barred by the applicable one-year statute of limitations. See United States v. Benbow, 2021 WL 3268384, at *9. Equally clear, Mr.

4

Benbow's Brady claim that the government failed to timely disclose materials related to Mr. Travers's witness testimony was procedurally defaulted because Mr. Benbow failed to raise the claim on direct appeal and showed no cause for failing to do so.  See id. at *10-11.  Moreover, even assuming the evidence provided through Mr. Travers's testimony was exculpatory and the government failed to timely disclose it, Mr. Benbow has not demonstrated how he was prejudiced by its withholding.  See id. at *11; see also United States v. Sitzmann, 893 F.3d 811, 826 (D.C. Cir. 2018) (per curiam) ("To satisfy the prejudice component [of a Brady claim], the defendant must show that there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." (internal quotation omitted)).

Accordingly, the Court concludes that Mr. Benbow has not "made a substantial showing of the denial of a constitutional right."  28 U.S.C. §2255(c)(2).  It therefore is hereby

ORDERED that Mr. Benbow's Petition for a Certificate of Appealability [Dkt. No. 709] is DENIED; and it is

FURTHER ORDERED that a certificate of appealability shall not issue.

SO ORDERED.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  November 9, 2021